**UNITED STATES of America,
Plaintiff,**

v.

**Jaime C. LOPEZ (01), Defendant.**

**Case No. 1:15-cr-00069-TWP-DML**

United States District Court,
S.D. Indiana, Indianapolis Division.

Signed December 28, 2015

James Marshall Warden, Winfield D. Ong, United States Attorney's Office, Indianapolis, IN, for Plaintiff.

Charles C. Hayes, Kathleen M. Sweeney, Sweeney Hayes LLC, Indianapolis, IN, for Defendant.

### ENTRY ON DEFENDANT'S MOTION IN *LIMINE*

TANYA WALTON PRATT, JUDGE, United States District Court Southern District of Indiana

This matter before the Court is Defendant's, Jaime C. Lopez ("Lopez"), Motion in *Limine*. (Filing No. 26.) Lopez is charged with Counts 1-61: Wire Fraud in violation of 18 U.S.C. § 1343; Counts 62-65: Money Laundering in violation of 18 U.S.C. § 1957; and Count 66: Securities Fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff(a). Specifically, Lopez is alleged to have defrauded investors, inducing them to transfer their Individual Retirement Accounts (IRAs), collectively worth hundreds of thousands of dollars, to a number of companies that he created. However, instead of investing the money received, Lopez is alleged to have spent the money on personal expenses and paying interest on promissory notes to investors. For the fol-

lowing reasons, Lopez's Motion in *Limine* is **granted in part and denied in part.**

## I. LEGAL STANDARD

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT & T Techs., Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. DISCUSSION

Lopez seeks to exclude the following evidence:

### A. Evidence of prior convictions or arrests

Lopez seeks to exclude evidence of his prior conviction of driving while intoxicated, which is over 10 years old, as well as any other arrests or convictions (besides the immediate prosecution) that may become known during the course of trial. He argues that this evidence is irrelevant and the prejudice would far outweigh any probative value. The Government does not intend to present evidence of Lopez's prior convictions or arrests. Accordingly, this portion of the motion is granted.

### B. Evidence of other bad acts and specific acts of misconduct

Lopez seeks to exclude evidence of an investigation conducted by the Financial Industry Regulatory of Lopez; all references to his discipline and termination from his employment with Smith Barney;

all references to filed and unfiled federal and state tax returns for JCL companies (Lopez's created companies), Jaime Lopez and Amanda Lopez; and all references to his lost securities/broker's license. Lopez argues that this evidence is irrelevant and would impermissibly demonstrate that he has a bad character and imply guilt of the charged crimes.

The Government does not intend to present evidence of prior bad acts in its case in chief. Instead, the Government intends to present evidence that Lopez previously worked as a financial advisor/securities dealer/broker and the impact that had on the victim-witnesses' dealings with Lopez. The Court sees no conflict between the parties' positions and, therefore grants this portion of Lopez' motion. Nevertheless, the Government notes that if Lopez testifies and thereby puts his credibility at issue at trial, it may seek to cross examine the defendant on these specific acts. Because a motion in *limine* is not a final, appealable order, if the Government believes that the excluded evidence becomes relevant and admissible during the course of trial, counsel may approach the bench and request a hearing outside the presence of the jury so that the Court my revisit the issue.

### C. Evidence of JCL Companies' printed brochures and website

Lopez seeks to exclude evidence regarding a printed brochure and website for his companies pursuant to Federal Rule of Evidence 401. Lopez argues that these items were not used in connection with any alleged victims and were not created during the relevant time period in the Indictment.

The Government indicates that it does intend to present evidence of the JCL Companies' printed brochures and website to demonstrate how Lopez framed his

business model and to corroborate victim-witness testimony; rather, it may seek to offer this evidence to show intent and motive. The Court agrees with the Government that the relevance of this evidence is not limited to whether the evidence induced a victim to invest in one of Lopez's companies. The issue of relevance is best determined at trial. Accordingly, the Court denies this portion of Lopez's motion.

## D. Opinion testimony

Lopez seeks to exclude testimony by IRS Agent Delancey or any other witness that,

a. "self-directed IRAs is [sic] an area where you see a lot of fraud because there's lack of control or the investors have the control of it and there is substantial fraud in the self-directed IRA industry";

b. "there is no reason you would change 12% at 5 years to 6% at 10 years";

c. "the money wired from (defendant's) account into E*TRADE is the only transaction that on its face could be called an investment"; and

d. testimony by Danny Cole that he believes his heart problems are due to Lopez's actions.

■ The Government indicates that it does not intend to present evidence of Agent Delancey's opinions regarding self-directed IRAs or a reasonable investment rate or evidence of Danny Cole's opinion regarding his heart problems. Accordingly, the Court grants that portion of Lopez's motion.

■ The Government asserts that victim-witnesses should be permitted to testify regarding their assessment of the investment terms presented to them by the defendant and that Agent Delancey should be permitted to testify regarding her analysis of the case records to opine which transactions she thinks constituted investments. A lay witness is allowed to provide an opinion if it is rationally based on the witness' perception, is helpful to a clear understanding of the witness' testimony or to determining a fact in issue, and is not otherwise an expert opinion. Fed. R. Evid. 701. The Court agrees that the lay witness testimony proposed by the Government is rationally based on their perception and may be helpful to a determining a fact in issue. Accordingly, the Court denies this portion of Lopez's motion.

## E. Inflammatory statements

■ Lopez seeks to exclude testimony by any witness comparing his actions to a "Ponzi scheme" or drawing any similarity to other infamous fraud prosecutions such as "Bernie Madoff". In addition, he seeks to exclude testimony by any witness that one of his companies, JCL, was a "cover" company as opposed to a "parent" or "umbrella" company. Lopez argues that these references are irrelevant and are only intended "to inflame the passions and prejudice of the jury".

The Government indicates that it does not intend to offer the statements objected to by Lopez. The Court agrees that the prejudicial impact of the statements indicated by Lopez outweigh any probative value, accordingly, the Court grants this portion of Lopez's motion. This ruling does not foreclose the agent's ability to testify regarding her assessment of JCL entities based upon the evidence presented at trial.

## F. Hearsay

■ Finally, Lopez seeks to prevent agents from reciting impermissible hearsay of the content of conversations which occurred during the investigation of Lopez. The Government states that it is aware of and will follow the Rules of Evidence regarding prior statements of witnesses. Accordingly, the Court grants this portion of Lopez's motion.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Lopez's Motion in *Limine*. (Filing No. 26.)

**SO ORDERED.**